**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| DATREC, LLC, | |
| *Plaintiff*, | CIVIL ACTION NO. 3:21-cv-01281-M |
| v. | |
| INFOR, INC. | JURY TRIAL DEMANDED |
| *Defendant*. | |

**DEFENDANT INFOR, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**PURSUANT TO FED. R. CIV. P. 12(B)(6)**

# TABLE OF CONTENTS

I. Introduction ....................................................................................................... 1

II. Legal Standards ................................................................................................. 2

    A. Direct Infringement ................................................................................ 4

    B. Induced Infringement ............................................................................. 4

    C. Contributory Infringement ..................................................................... 4

    D. Willful Infringement .............................................................................. 5

III. DatRec's Deficient Complaint Should be Dismissed with Prejudice ................. 5

    A. DatRec's "Preliminary Table" Cannot Salvage its Deficient Infringement Allegations ............................................................................................ 7

        1. It is fatal to DatRec's Complaint that it fails to plead "a server system associated with a database comprising verified data relating an individual, said server system being configured and operable to verify at least some of the data so as to authenticate an identity of the individual." ...................................................................................... 8

        2. It is fatal to DatRec's Complaint that it fails to plead "determining a level of reliability in authenticity based on correspondence between data on said individual entered by a plurality of related individuals." ...................................................................................... 10

        3. It is fatal to DatRec's Complaint that it fails to plead "the system being configured to define one or more levels of permitted communication between individuals in the database and the verified individual on the basis of said verification." .............................. 12

    B. DatRec's Induced Infringement Allegations are Likewise Deficient ................. 14

        1. DatRec failed to plead underlying direct infringement ............................. 15

        2. DatRec failed to plead that Infor knew of the Asserted Patent ................. 15

        3. DatRec failed to plead that Infor knew, or should have known, of any underlying direct infringement ............................................................. 16

        4. DatRec failed to plead that Infor possessed specific intent to encourage another's infringement ............................................................. 16

    C. DatRec's Contributory Infringement Allegations are Deficient ........................ 17

i

     D.      DatRec has failed to plead Willful Infringement ................................................... 17

IV.    Infor is Entitled to Its Fees ............................................................................................. 18

V.    Conclusion ...................................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................................2, 14

*Badeaux v. BP Expl. & Prod.*,
    790 F. App'x 618 (5th Cir. 2019) ..................................................................................3, 14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................2, 3, 5

*Bio-Rad Labs., Inc. v. ITC*,
    Nos. 2020-1475, 2020-1605, 2021 U.S. App. LEXIS 16031
    (Fed. Cir. May 28, 2021) ..........................................................................................4, 14, 17

*Chalumeau Power Sys. LLC v. Alcatel-Lucent Holding Inc.*,
    No. 11-1175-RGA, 2014 U.S. Dist. LEXIS 127645 (D. Del. Sept. 12, 2014) ......................18

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015)...................................................................................................4, 15

*ConocoPhillips Co. v. In-Depth Compressive Seismic Inc.*,
    No. 4:20-cv-04385, 2021 U.S. Dist. LEXIS 88469 (S.D. Tex. May 10, 2021)......................6

*eDekka LLC v. 3balls.com, Inc.*,
    Nos. 2:15-CV-541 JRG, 2:15-CV-585 JRG, 2015 U.S. Dist. LEXIS 168610
    (E.D. Tex. Dec. 17, 2015) ..........................................................................................18, 20

*Fernandez-Montes v. Allied Pilots Ass'n*,
    987 F.2d 278 (5th Cir. 1993) ..................................................................................3, 12, 16

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010)............................................................................................6

*Funk v. Stryker Corp.*,
    631 F.3d 777 (5th Cir. 2011) ...........................................................................................3, 4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016)....................................................................................................5, 17

*IPVX Patent Holdings, Inc. v. Voxernet LLC*,
    No. 5:13-cv-01708 HRL, 2014 U.S. Dist. LEXIS 158037
    (N.D. Cal. Nov. 6, 2014)..........................................................................................18, 20

iii

*John Bean Techs. Corp. v. Morris & Assocs., Inc.*,
988 F.3d 1334 (Fed. Cir. 2021).................................................................5

*LifeNet Health v. LifeCell Corp.*,
837 F.3d 1316 (Fed. Cir. 2016).................................................................6

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017)...............................................................15

*Mortg. Application Techs., LLC v. MeridianLink, Inc.*,
839 F. App'x 520 (Fed. Cir. 2021) ..........................................................18

*Nalco Co. v. Chem-Mod, LLC*,
883 F.3d 1337 (Fed. Cir. 2018).........................................................15, 16

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
134 S. Ct. 1749 (2014) ............................................................................18

*Plotkin v. IP Axess Inc.*,
407 F.3d 690 (5th Cir. 2005) ....................................................................3

*Sanofi v. Watson Labs. Inc.*,
875 F.3d 636 (Fed. Cir. 2017)...................................................................4

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
No. 5:19-CV-243-H, 2020 U.S. Dist. LEXIS 166493
(N.D. Tex. Sept. 11, 2020) ........................................................................4

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
726 F.3d 1306 (Fed. Cir. 2013)..................................................................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)...................................................................................3

*Wahpeton Canvas Co. v. Frontier, Inc.*,
870 F.2d 1546 (Fed. Cir. 1989)..................................................................6

## Statutes

35 U.S.C. § 101..................................................................................1, 18

35 U.S.C. § 271....................................................................................4, 6

35 U.S.C. § 284.......................................................................................5

35 U.S.C. § 285.....................................................................................18

**Rules**

Fed. R. Civ. P. 8..............................................................................................................1, 2, 5, 10

Fed. R. Civ. P. 11................................................................................................................18

Fed. R. Civ. P. 12(b) ....................................................................................................... *passim*

Fed. R. Evid. 201(b)............................................................................................................4

## I.        INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Infor, Inc. ("Infor") respectfully moves the Court to dismiss with prejudice Plaintiff DatRec, LLC's ("DatRec") Complaint against Infor for failure to state a claim upon which relief can be granted.  Instead of meeting the pleading requirements of Rule 8(a), DatRec's Complaint merely advances boilerplate allegations with conclusory statements and formulaic recitations of legal elements, which are set against nothing but random, unrelated screenshots from Infor's website.  In fact, DatRec has filed nearly identical Complaints (with the same typographical and formatting errors) against dozens of unrelated entities over the past year.  Yet, not once has DatRec litigated any case it has filed beyond the pleading stage.

Although Infor's Complaint makes fleeting references to Infor's website, those references have nothing to do with the claims of the patent at issue, and provide no factual support from which even an inference of infringement could be drawn.  The reason for DatRec's shotgun pleading is simple.  Infor does not practice the claims of U.S. Patent No. 8,381,309 ("the Asserted Patent" or "the '309 Patent"), nor does it induce or contribute to infringement performed by some unidentified third party.  DatRec's apparent attempt to seek a quick nuisance payday from Infor based on a facially deficient Complaint (much like its identical allegations against dozens of other unrelated entities) is objectively unreasonable.  Dismissal of DatRec's Complaint with prejudice is warranted.[1]

DatRec filed its Complaint against Infor on June 4, 2021 (D.I. 1).  The Complaint devotes a single sentence to the subject matter of the Asserted Patent—vaguely alleging that "[t]he '309

---

[1] Infor further submits that DatRec's patent is invalid pursuant to at least 35 U.S.C. § 101.  Infor reserves the right to make those arguments in a separate motion at the appropriate time.

patent relates to a novel and improved system for secure communication over a public network."
(D.I. 1 ¶ 7).  Similarly, the entirety of DatRec's claim for infringement spans six short
paragraphs of conclusory allegations regarding direct and indirect infringement of one or more of
17 claims of the Asserted Patent (*id.* ¶¶ 6-11).  DatRec's Complaint is entirely based on a single
factual allegation and conclusory sentence referencing Infor's website: "INFOR maintains,
operates, and administers electronic health records  ("EHR") through its website at
www.INFOR.com, and other sources, that infringe one or more claims of the '309 patent . . . ."
(*id.* ¶ 8).  Yet, even a cursory review of the Asserted Patent and Infor's website confirms that the
website has nothing to do with the Asserted Patent.  Infor's website is merely a sales and
marketing tool from which DatRec has cobbled together unrelated screenshots which it
frivolously alleges as "evidence" of infringement.

DatRec's slipshod pleading contains precisely the sort of unsupportable, conclusory
allegations that are insufficient to support a claim for patent infringement.  DatRec's Complaint
should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure.

## II.    LEGAL STANDARDS

A well pled complaint must contain "a short and plain statement of the claim
*showing that the pleader is entitled to relief*."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  The
Supreme Court has explained that "a complaint must contain sufficient factual matter, accepted
as true, to 'state a claim to relief *that is plausible on its face*.'"  *Ashcroft v. Iqbal*, 556 U.S. 662,
678 (2009) (emphasis added) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
"A claim has facial plausibility when the pleaded factual content allows the court to *draw the
reasonable inference that the defendant is liable* for the misconduct alleged."  *Iqbal,* 556 U.S. at
663 (emphasis added).

The "facial plausibility" standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. What's more, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (internal citations omitted). A court must dismiss a complaint when its factual allegations "have not nudged their claims across the line from conceivable to plausible." *Id.* at 570.

Although a court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff," a court is not required to accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Badeaux v. BP Expl. & Prod.*, 790 F. App'x 618, 620 (5th Cir. 2019) (*quoting Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Nor do naked assertions devoid of further factual enhancement." *Id.* (internal citations omitted). Stated differently, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

"When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (*quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). The Fifth Circuit has also repeatedly held that "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Id.* (citation omitted). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within

the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by

resort to sources whose accuracy cannot reasonably be questioned." *Id.* (citing Fed. R.

Evid. 201(b)).

### A.    Direct Infringement

With respect to claims for patent infringement, it is well established that "courts may

dismiss a direct-infringement claim under Rule 12(b)(6) where the plaintiff's complaint fails to

allege the manner of the defendant's infringement with specificity." *Soar Tools, LLC v.

Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2020 U.S. Dist. LEXIS 166493, at *12-13 (N.D.

Tex. Sept. 11, 2020).

### B.    Induced Infringement

A cause of action for "[i]nduced [patent] infringement under 35 U.S.C. § 271(b) requires

proof of underlying direct infringement, as well as proof that (1) 'the defendant knew of the

patent,' (2) the defendant knew or should have known that 'the induced acts constitute patent

infringement,' and (3) the defendant 'possessed specific intent to encourage another's

infringement.'" *Bio-Rad Labs., Inc. v. ITC*, Nos. 2020-1475, 2020-1605, 2021 U.S. App. LEXIS

16031, at *35 (Fed. Cir. May 28, 2021) (citing *Sanofi v. Watson Labs. Inc.*, 875 F.3d 636, 643-44

(Fed. Cir. 2017)).

### C.    Contributory Infringement

"Contributory [patent] infringement under 35 U.S.C. § 271(c) requires proof that (1) the

defendant had 'knowledge of the patent in suit,' (2) the defendant had 'knowledge of patent

infringement,' and (3) the accused product is not a staple article or commodity of commerce

suitable for a substantial noninfringing use." *Bio-Rad Labs.,* 2021 U.S. App. LEXIS 16031, at

*35 (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015)).

### D.      Willful Infringement

35 U.S.C. § 284 of the Patent Act provides for enhanced damages in instances of willful infringement.  *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1931 (2016) (citing 35 U.S.C. § 284).  "The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless."  *Id.* at 1933.  But, it is well-established that "[i]f there is no infringement, there cannot be willful infringement."  *John Bean Techs. Corp. v. Morris & Assocs., Inc.*, 988 F.3d 1334, 1341 (Fed. Cir. 2021) (citing 35 U.S.C. § 284).

## III.    DATREC'S DEFICIENT COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

Not only does DatRec's Complaint lack merit, it fails to plead any factual support from which even an inference of infringement could be drawn.  Accepting all of the allegations of the Complaint as true and drawing all reasonable inferences in DatRec's favor, the Complaint is wholly deficient under Rule 8(a).  Because DatRec is unable to put forth even the most rudimentary factual allegations that would support a basis for infringement, DatRec resorts to pleading only the types of labels, conclusions, and formulaic recitations of legal elements that have been repeatedly rejected by courts when evaluating the sufficiency of a complaint.  *Twombly*, 550 U.S. at 555.

In its ill-drafted Complaint, DatRec attempts vaguely to allege patent infringement of one or more of the 17 claims of the Asserted Patent in a few sparse paragraphs (D.I. 1 ¶¶ 6-11).  Importantly, claims 1-8 and 10-17 of the Asserted Patent are directed to methods.  But, it is a fundamental principle of pleading in patent cases that "[t]o allege infringement of a method claim, the plaintiff must plead facts that show that all steps of the claimed method were

performed by the defendant." *ConocoPhillips Co. v. In-Depth Compressive Seismic Inc.*, No. 4:20-cv-04385, 2021 U.S. Dist. LEXIS 88469, at *5 (S.D. Tex. May 10, 2021) (citation omitted).

Not only has DatRec violated this principle, DatRec has not attempted to plead a single instance of direct infringement for any of the fifteen method claims. *See, e.g.*, *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1329 (Fed. Cir. 2010) ("[I]t is not enough to simply show that a product is capable of infringement; *the patent owner must show evidence of specific instances of direct infringement*.") (emphasis added). Nor has DatRec attempted to allege that "all steps of the claimed method [are] performed by or attributable to a single entity" within the United States as required by the law. *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016). Accordingly, the Complaint wholly fails to even attempt to allege infringement with respect to 15 of the 17 claims in the Asserted Patent.

DatRec's allegations of infringement with respect to claim 9, the system claim of the Asserted Patent, fares no better.[2] To sufficiently plead a claim for direct infringement of a system claim, a plaintiff must plead facts which plausibly support the assertion that a defendant "without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." 35 U.S.C. § 271(a).

DatRec's Complaint contains a single conclusory statement with respect to claim 9, vaguely alleging that "INFOR maintains, operates, and administers electronic health records ("EHR") through its website at www.INFOR.com, and other sources, that infringe one or more

---

[2] Claim 10 depends from claim 9. Therefore, DatRec has not adequately pled infringement of claim 10 for at least the reasons discussed herein. *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1325 n.11 (Fed. Cir. 2013) ("It is axiomatic that dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed . . . .") (*quoting Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989)).

claims of the '309 patent, including one or more of claims 1-17, literally or under the doctrine of equivalents" (D.I. 1 ¶ 8).  This is insufficient to plead a claim for direct infringement.

As an initial matter, Infor's website is clearly a sales and marketing tool.  The website is not used to maintain, operate, or administer electronic health records (*see generally,* https://www.infor.com/industries/healthcare).  Thus, the website itself cannot infringe any claim of the Asserted Patent as facially alleged by Infor's defective Complaint.  A printout of Infor's healthcare website is attached hereto as Exhibit A.

Although not explicitly stated in the Complaint, DatRec's allegations could appear to be an attempt to assert that the products described and marketed on Infor's website infringe the claims of the Asserted Patent.  However, Infor's website describes features of multiple distinct products, including but not limited to "Infor Financial and Supply Management," "Infor HCM," and "Cloverleaf Integration Suite" (Ex. A at 7).  DatRec fails to even attempt to identify which product (or combination of products) allegedly infringes the Asserted Patent.

DatRec's Complaint tries its best to cover for this deficiency by alleging infringement through the use of one or more *unidentified* "other sources" (D.I. 1 ¶ 8).  Yet, DatRec fails to allege any factual basis for infringement by these unidentified "other sources."  The mere reference to a hypothetical and unidentified infringing product cannot be sufficient to support DatRec's claim of patent infringement against Infor.

A.     DatRec's "Preliminary Table" Cannot Salvage its Deficient Infringement Allegations

DatRec tries to support its conclusory infringement allegations against Infor by stating that "[s]upport for the allegations of infringement may be found in the following preliminary table" (*id. ¶* 9).  However, even a brief review of DatRec's table reveals that DatRec's screenshots are nothing more than general marketing information about Infor's business and

overall product offerings (*id.*).  Indeed, following each snapshot, DatRec simply recites the phrase "the reference describes" in combination with a *verbatim* copy of the claim language (*id.*). DatRec's "preliminary table" does not describe *how* the general information on Infor's website— nor any other unidentified "other sources"—could possibly practice a single element of the Asserted Patent.

       **1.**      **It is fatal to DatRec's Complaint that it fails to plead "a server system associated with a database comprising verified data relating an individual, said server system being configured and operable to verify at least some of the data so as to authenticate an identity of the individual."**

Claim 9 of the Asserted Patent requires "a server system associated with a database … configured and operable to verify at least some of the data so as to authenticate an identity of the individual" (D.I. 1 at p. 5). The snapshot from Infor's website that DatRec relies on (reproduced below) to meet this claim element describes nothing more than human resource functions provided by Infor, such as hiring, reducing turnover, and scheduling.

8

Clinician experiences that result in patient experiences

- Improving well-being by hiring the right people in the right roles—and who feel safer doing their jobs

- Reducing turnover by science-driven flight risk indicators and continuous engagement

- Projecting extended nurse schedules, allowing rotation schedules, and self-scheduling

- Reducing non-productive time spent doing paperwork and hunting for equipment

- Improving accessibility via mobile employee self-service and embedded learning

<https://www.stage.infor.com/en-sg/industries/healthcare>

The reference describes a server system associated with a database comprising verified data relating an individual, said server system being configured and operable to verify at least some of the data so as to authenticatean identity of the individual.

(D.I. 1 at p. 5).  The Infor webpage does not describe, reference, or even imply that Infor provides "verified data relating an individual" or a system by which "to authenticate an identity of the individual."  Nor does Infor's webpage describe in any way, shape, or form, a "server system." Moreover, accessing the link identified by DatRec does not provide any additional relevant information.  Instead, the link provides high level information regarding multiple healthcare products offered by Infor.

DatRec's Complaint wholly fails to (1) identify a specific product which allegedly infringes the Asserted Patent, or (2) explain how multiple products acting in concert infringe the

Asserted Patent as required by the pleading requirements of Rules 8 and 12(b).  DatRec's

Complaint should be dismissed for this reason alone.

> **2.     It is fatal to DatRec's Complaint that it fails to plead "determining a level of reliability in authenticity based on correspondence between data on said individual entered by a plurality of related individuals."**

Claim 9 of the Asserted Patent further requires "determining a level of reliability in

authenticity based on correspondence between data on said individual entered by a plurality of

related individuals" (D.I. 1 at p. 6).  Once again, the snapshot of Infor's website relied on by

DatRec (reproduced below) provides no factual allegations related to this claim element.

Instead, the snapshot included in the Complaint simply provides examples of how Infor product

offerings can "expand[] the efficiency of patient care" by "[r]educing equipment downtime,

improving savings, and enhancing the patient experience" (D.I. 1 at p. 6).



Expanding the efficiency of patient care

Reducing equipment downtime, improving savings, and enhancing the patient experience

- Leveraging data science and reporting software to optimise stock on hand while eliminating stock outs

- Improving the efficiency of care delivery so patients spend more time in the appropriate care

- Efficiently solving complex interoperability challenges securely and at scale

- Realising better healthcare delivery, care coordination, and patient engagement with HL7 FHIR

<https://www.stage.infor.com/en-sg/industries/healthcare>

The reference describes determining a level of reliability in authenticity based on correspondence between data on said individual entered by a plurality of related individuals.

(D.I. 1 at p. 6).  Nothing on the identified screen describes reference-based verification of an individual by related individuals, nor determining a level of reliability in the authenticity of an individual as required by claim 9.

11

DatRec also cites in its Complaint—without explanation—the fact that Infor's website references healthcare standards such as "HL7 FHIR" (D.I. 1 at pp. 6-7).  And yet, nothing in the existence of an "interoperability standard" which "facilitate[s] the exchange of healthcare information" explicitly or inherently practices any claim of the Asserted Patent.  What's more, DatRec has failed to identify or allege a single link between HL7 FHIR and any claim element of the Asserted Patent, including but not limited to, "determining a level of reliability in authenticity" of an individual.

For its part, Infor is unaware of any link between the identified screenshots, cited standards, and the Asserted Patent.  DatRec cannot simply present images with naked assertions and expect the Court to deduce without explicit allegations or even a scintilla of factual support that Infor infringes claim 9 of the Asserted Patent.  DatRec's allegations clearly do not meet the requirements of notice pleading under the Federal Rules of Civil Procedure.  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

> ### 3. It is fatal to DatRec's Complaint that it fails to plead "the system being configured to define one or more levels of permitted communication between individuals in the database and the verified individual on the basis of said verification."

Finally, claim 9 of the Asserted Patent requires "the system being configured to define one or more levels of permitted communication between individuals in the database and the verified individual on the basis of said verification" (D.I. 1 at p. 8).  Again, the snapshot from Infor's website relied on by DatRec and reproduced below bears no relationship to this element of claim 9.  Instead, the snapshot reproduced in the Complaint simply provides examples of how

Infor's product offerings "enhance[] patient quality and experience via connected health" (D.I. 1 at p. 8).

> ## Directly enhancing patient quality and experience via connected health
>
> - Enhancing patient flow and care team communication
>
> - Enhancing patient experience via acuity-based nursing assignments
>
> - Reducing the spread of infection by automatically tracing patient, staff, and equipment interactions
>
> - Reducing the cost of care to the provider
>
> - Integrating and managing innovative APIs and information technology management for digital innovation in healthcare delivery, care coordination, and improved patient experience
>
> <https://www-stage.infor.com/en-sg/industries/healthcare>
>
> The reference describes the system being configured to define one or more levels of permitted communication between individuals in the database and the verified individual on the basis of said verification.

(D.I. 1 at p. 8). As the Court can see, nothing on the identified screen describes a system which defines one or more levels of permitted communication, nor does it relate in any way, shape, or form to the aforementioned verification as required by claim 9.

* * *

13

DatRec has not met and cannot meet its burden to show or even allege any instances of direct infringement by Infor as required by the pleading requirements of the Federal Rules of Civil Procedure.  Even factoring in DatRec's purported "preliminary table" regarding claim 9, DatRec's allegations fall far short of the "facial plausibility" standard.  The allegations in DatRec's Complaint are exactly the kind of conclusory and formulaic recitations that cannot be afforded any weight and must be rejected.  *Badeaux v. BP Expl. & Prod., Inc.*, 790 F. App'x 618, 620 (5th Cir. 2019) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Nor do naked assertions devoid of further factual enhancement.") (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Infor respectfully requests that DatRec's Complaint be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B.      DatRec's Induced Infringement Allegations are Likewise Deficient

Like its allegations of direct infringement against Infor, DatRec's induced infringement allegations are deficient as a matter of law.  The entirety of DatRec's allegation of induced infringement against Infor is reproduced below:

> INFOR has and continues to induce infringement.  INFOR has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., EHR) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1–17 of the '309 patent, literally or under the doctrine of equivalents.  Moreover, INFOR has known of the '309 patent and the technology underlying it from at least the date of issuance of the patent.

(D.I. 1 ¶ 10).  It is well established that induced patent infringement requires proof (1) "of underlying direct infringement," (2) that the "defendant knew of the patent", (3) "the defendant knew or should have known that the induced acts constitute patent infringement," and (4) "the defendant possessed specific intent to encourage another's infringement."  *Bio-Rad Labs., Inc. v.*

14

*ITC*, Nos. 2020-1475, 2020-1605, 2021 U.S. App. LEXIS 16031, at \*35 (Fed. Cir. May 28, 2021). DatRec's Complaint fails to plead even a single element of induced infringement.

### 1.    DatRec failed to plead underlying direct infringement.

As discussed above, DatRec has failed to identify in its Complaint even a single instance of direct infringement involving an Infor product. DatRec's induced infringement claim fails for this reason alone.

### 2.    DatRec failed to plead that Infor knew of the Asserted Patent.

It is critical in any complaint alleging induced patent infringement that the Plaintiff sufficiently allege knowledge of the Asserted Patent. *Commil USA, LLC v. Cisco Sys.*, 135 S. Ct. 1920, 1926 (2015) ("[L]iability for inducing infringement attaches only if the defendant knew of the patent."). Here, DatRec's sole statement regarding Infor's knowledge of the Asserted Patent consists of the single conclusory sentence: "Moreover, INFOR has known of the '309 patent and the technology underlying it from at least the date of issuance of the patent" (D.I. 1 ¶ 10). However, it is black letter patent law that such a conclusory allegation alone cannot satisfy the pleading requirements of Rule 12(b). *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) ("For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement.") (*quoting Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)).

The mere existence of the Asserted Patent is not in dispute. But, critically, DatRec has failed to identify or allege a single fact supporting the premise that Infor had actual knowledge of the Asserted Patent. This alone is fatal to DatRec's cause of action for induced infringement against Infor. *Id.*

**3.** **DatRec failed to plead that Infor knew, or should have known, of any underlying direct infringement.**

As discussed above, DatRec has failed to identify or allege a single instance of direct infringement involving any Infor product. Moreover, there is no factual allegation to support DatRec's conclusory allegation that Infor "actively encouraged or instructed others … on how to use its products and services" (D.I. 1 ¶ 10). Mere conclusory statements with supporting factual allegations do not support a well-pleaded complaint. *Fernandez-Montes*, 987 F.2d at 284 ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

Moreover, even if DatRec's conclusory allegation is accepted as true, DatRec's allegations do not show that Infor knew of any underlying infringement. Indeed, at most DatRec has alleged that Infor had knowledge that its customers were using its products. This does not, and cannot, satisfy the pleading requirements for induced infringement. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018). DatRec must have a factual basis to allege that Infor had knowledge of infringement. The fact that DatRec has failed to allege the requisite knowledge is fatal to pleading an induced infringement claim against Infor.

**4.** **DatRec failed to plead that Infor possessed specific intent to encourage another's infringement.**

In addition to failing to allege a single instance of direct infringement involving an Infor product, DatRec has failed to allege any fact to support its conclusory allegation that Infor "actively encouraged or instructed others … on how to use its products and services" (D.I. 1 ¶ 10). A mere conclusory allegation does not support a well-pleaded complaint. Moreover, even if DatRec's conclusory allegation were accepted as true, DatRec does not allege a single fact to support the conclusion that Infor encouraged other parties' infringement. Again, at most DatRec has alleged that Infor had knowledge that its customers were using Infor products.

16

Failure to adequately plead any of the above elements of induced patent infringement would alone be sufficient to justify dismissing DatRec's induced infringement allegations. DatRec, however, has failed to plead *any* of them.  DatRec's Complaint should be dismissed with prejudice.

### C.  DatRec's Contributory Infringement Allegations are Deficient

DatRec's contributory infringement allegations are deficient as a matter of law.  The full extent of DatRec's allegation of contributory infringement is reproduced below:

> INFOR has and continues to contributorily infringe.  INFOR has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., EHR) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1–17 of the '309 patent, literally or under the doctrine of equivalents.  Moreover, INFOR has known of the '309 patent and the technology underlying it from at least the date of issuance of the patent.

(D.I. 1 ¶ 11).  Contributory patent infringement "requires proof that (1) the defendant had knowledge of the patent in suit, and (2) the defendant had knowledge of patent infringement." *Bio-Rad Labs.,* 2021 U.S. App. LEXIS 16031, at *35.  As discussed above (with respect to induced infringement), DatRec failed to allege the existence of either element.  DatRec's contributory infringement claim should therefore be dismissed with prejudice.

### D.  DatRec has failed to plead Willful Infringement

DatRec's Complaint seeks a finding of willful infringement in the prayer for relief.  Once again, DatRec's Complaint fails to plead a single fact to support such a finding.

As discussed above (with respect to induced infringement), DatRec's Complaint fails to allege any fact that would support Infor's knowledge of the Asserted Patent, or Infor's knowledge of any alleged infringement.  And, knowledge is a requirement for willful infringement. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016) ("culpability is

generally measured against the knowledge of the actor at the time of the challenged conduct").
DatRec's claim for a finding of willful infringement should be dismissed.

## IV.   INFOR IS ENTITLED TO ITS FEES

Pursuant to Fed. R. Civ. P. 11 and 35 U.S.C. § 285, Infor respectfully submits that an
award of its attorneys' fees is warranted in this case.  DatRec's Complaint is frivolous and/or
objectively unreasonable.

"Under 35 U.S.C. § 285 the court in exceptional cases may award reasonable attorney
fees to the prevailing party.  An exceptional case is one that stands out from others with respect
to the substantive strength of a party's litigating position (considering both the governing law
and the facts of the case) or the unreasonable manner in which the case was litigated." *Mortg.
Application Techs., LLC v. MeridianLink, Inc.*, 839 F. App'x 520, 526-27 (Fed. Cir. 2021) (citing
*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014)).  "[A] case
presenting . . . exceptionally meritless claims may sufficiently set itself apart from mine-run
cases to warrant a fee award." *Octane Fitness*, 134 S. Ct. at 1757.

Fees are particularly appropriate where, like here, a plaintiff asserts the same baseless
claims against multiple defendants for the sole purpose of extracting a nuisance value settlement.
*See, e.g., eDekka LLC v. 3balls.com, Inc.*, Nos. 2:15-CV-541 JRG, 2:15-CV-585 JRG, 2015 U.S.
Dist. LEXIS 168610, at *17 (E.D. Tex. Dec. 17, 2015) (finding case "exceptional" under *Octane
Fitness* where plaintiff took unreasonable § 101 positions and filed "strikingly similar" lawsuits
against numerous defendants); *Chalumeau Power Sys. LLC v. Alcatel-Lucent Holding Inc.*, No.
11-1175-RGA, 2014 U.S. Dist. LEXIS 127645, at *1, *9 (D. Del. Sept. 12, 2014) (awarding
defendant its attorney fees where plaintiff "filed a frivolous lawsuit with the sole purpose of
extorting a settlement fee"); *see also IPVX Patent Holdings, Inc. v. Voxernet LLC*, No. 5:13-cv-
01708 HRL, 2014 U.S. Dist. LEXIS 158037, at *17-18 (N.D. Cal. Nov. 6, 2014) (awarding

attorney fees where "[Plaintiff] essentially prosecuted this case in assembly-line fashion . . . [and] served a boilerplate complaint on dozens of defendants.").

DatRec has filed suit against approximately two dozen entities in the past year.[3]  The cases feature nearly identical complaints.  By way of example, multiple complaints filed by DatRec contain the same typographical errors present in the Complaint against Infor, including misstating the title of the Asserted Patent as "Method and System for <u>Ecure Communiocation</u> Over a Public Network" (*see, e.g.*, D.I. 1 ¶ 6) (emphasis added).  Similarly, DatRec's complaints consistently use identical (or nearly identical) conclusory language:

---

[3] *See, e.g.*, *Datrec v. Ancestry.com DNA*, No. 2:20-cv-00349-JNP (D. Utah); *DatRec, LLC v. MyHeritage (USA) Inc.*, No. 2:20-cv-00514-DB (D. Utah); *DatRec, LLC v. Gene by Gene, Ltd.*, No. 4:20-cv-02833 (S.D. Tex.); *DatRec, LLC v. FamHis, Inc.*, No. 9:20-cv-82126-RAR (S.D. Fla.); *DatRec, LLC v. Family Care Path, Inc.*, No. 1:21-cv-00267 (D. Del.); *DatRec, LLC v. Cancer IQ Inc.*, No. 1:21-cv-00336-RGA (D. Del.); *DatRec, LLC v. PrognoCIS, Inc.*, No. 3:21-cv-01595-JCS (N.D. Cal.); *DatRec, LLC v. Nextgen Healthcare, Inc.*, No. 8:21-cv-00433-CJC-KES (C.D. Cal.); *Datrec, LLC v. Eclipse EHR Sols., LLC*, No. 8:21-cv-00610-CEH-TGW (M.D. Fla.); *DatRec, LLC v. Eyefinity, Inc*, No. 1:21-cv-00397-RGA (D. Del.); *DatRec, LLC v. DrChrono, Inc.*, No. 1:21-cv-00413-RGA (D. Del.); *DatRec, LLC v. Meditab Software, Inc.*, No. 2:21-cv-00106-JRG-RSP (E.D. Tex.); *DatRec, LLC v. Medhost of Tenn., Inc.*, No. 2:21-cv-00107-JRG-RSP (E.D. Tex.); *DatRec, LLC v. Little Green Software, Inc.*, No. 1:21-cv-00281-LCB-LPA (M.D.N.C.); *DatRec, LLC v. Harris Healthcare*, No. 7:21-cv-03003-CS (S.D.N.Y.); *Datrec, LLC v. Harris Healthcare*, No. 1:21-cv-00483-LJV (W.D.N.Y.); *DatRec, LLC v. Flatiron Health, Inc.*, No. 1:21-cv-03328-LJL (S.D.N.Y.); *DatRec, LLC v. NexTech Sys., LLC*, No. 8:21-cv-00918-SDM-AEP (M.D. Fla.); *DatRec, LLC v. Epic Sys. Corp.*, No. 3:21-cv-00257-wmc (W.D. Wis.); *DatRec, LLC v. Workday, Inc.*, No. 6:21-cv-00384-ADA (W.D. Tex.); *DatRec, LLC v. Netsmart Techs., Inc.*, No. 0:21-cv-60873-RAR (S.D. Fla.); *DatRec, LLC v. Pingboard, Inc.*, No. 6:21-cv-00568-ADA (W.D. Tex.); *Datrec, LLC v. Breezy HR, Inc*, No. 3:21-cv-00590-BJD-JBT (M.D. Fla.).

| *DatRec, LLC, v. Infor, Inc.* | *DatRec. LLC. v. Meditab Software, Inc.* |
|---|---|
| 3:21-cv-01281-M | No. 2:21-cv-00106 |
| **INFOR** maintains, operates, and administers electronic health records (**"EHR"**) through its website at **www.INFOR.com**, and other sources, that infringe one or more claims of the '309 patent, including one or more of claims 1-17, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '309 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it. Complaint ¶ 8. | **Meditab** maintains, operates, and administers electronic health records through its website at **www.Meditab.com**, and other sources **or websites**, that infringe one or more claims of the '309 patent, including one or more of claims 1-17, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '309 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it. Complaint ¶ 8. |

Finally, DatRec's prior litigation tactics have nearly always resulted in pre-answer settlements, presumably for nuisance-value amounts.[4] Thus, as was the case in *eDekka*, *Chalumeau Power Systems*, and *IPVX Patent Holdings*, DatRec has filed "strikingly similar" lawsuits against multiple unrelated defendants for the sole purpose of extorting settlement fees, and has prosecuted its cases in assembly line fashion. Infor is entitled to its reasonable attorney fees as recompense for having to defend against DatRec's baseless and unsubstantiated allegations.

## V.    CONCLUSION

Infor respectfully submits that DatRec's Complaint fails to plead a plausible claim of infringement. Therefore, Infor requests that the Court grant its Motion in its entirety and award any additional relief that the Court deems just and proper.

---

[4] The only exception, *DatRec, LLC v. Epic Systems Corporation*, contains a motion to dismiss filed alongside defendants' answer. Briefing on defendants' motion to dismiss is ongoing.

Respectfully submitted, this 30th day of June, 2021.

*/s/ Brady Cox*
Brady Cox
Bar No. 24074084
**ALSTON & BIRD LLP**
Chase Tower
2200 Ross Ave, Suite 2300
Dallas, TX 75201
E-mail:  brady.cox@alston.com
Telephone:  (214) 922-3400
Facsimile:  (214) 922-3899

Keith E. Broyles (*pro hac vice* application forthcoming)
Ga. Bar No. 090152
Thomas Finch (*pro hac vice* application forthcoming)
Ga. Bar No. 637008
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
E-mail:  keith.broyles@alston.com
E-mail:  thomas.finch@alston.com
Telephone: (404) 881-7000
Facsimile:  (404) 881-7777

*Counsel for Defendant Infor, Inc.*

21

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

 /s/ *Brady Cox*
Brady Cox